June, (E. S.)                    EMORY's Adm'r. *D. B. N. vs.* THOMPSON's Ex'x.

A copy of a paper, purporting to be an additional inventory to the inventory of the estate of the deceased, certified under the hand and seal of the Register of Wills to be a true copy taken from the original additional inventory offered, (not proved,) by the administrator, and lodged in the office of the register—*Held* not to be competent evidence to charge the administrator with the amount of the goods and chattels therein mentioned.

An original paper, purporting to be an "additional inventory to the inventory of the deceased, offered by the administrator," proved to be in the hand-writing of a person who acted as a clerk for the administrator, and endorsed "additional inventory," in the hand-writing of the administrator, found among the papers in the office of the register of wills, wrapped up in the original inventory of the estate of the deceased—*Held* to be competent evidence to charge the administrator with the several sums of money specified in the said paper, as part of the goods and chattels of the deceased.

APPEAL from the General Court. The Appellant brought an action of *debt* upon the *administration bond* of *Ezekiel*

*Forman*, (who was administrator with the will annexed of *Sarah Emory*) against the executrix of *John Thompson*, who was the security of *Forman* in the said administration bond. The defendant (now appellee,) pleaded *performance*, *specially*, and the plaintiff replied *nonperformance*, stating a bequest by *Sarah Emory* to the plaintiff's intestate, of sundry parts of her personal estate, which had been bequeathed to her by her deceased husband, over and above her thirds; that after paying the debts, &c. there remained a residuum of £1000 current money, &c. *Rejoinder*, that after paying debts, &c. there did not remain of the estate, &c. any residue, but that the whole estate was paid away in payments of debts, &c. Issue joined.

1. At the trial at September term 1805, the plaintiff, having given in evidence a copy of the inventory of certain goods and chattels of *Sarah Emory*, then offered an official copy of a certain paper, purporting to be an *additional inventory* to the inventory of her estate, and certified under the hand and seal of the register of wills in and for *Queen-Anne's* county, as evidence to charge *Ezekiel Forman*, in his capacity of administrator of *Sarah Emory*, with the several sums of money therein specified, as part of the chattels, rights and credits, of *Sarah Emory*. The certificate was thus: "Additional inventory to the inventory of Mrs. *Sarah Emory's* estate, offered by *Ezekiel Forman*, the administrator." [*Here follow the articles, &c.*] "*Maryland, Queen Anne's* county, to wit: I do hereby certify, that the above and foregoing instrument of writing is a true and perfect copy, as copied from the original additional inventory of *Sarah Emory*, offered by *Ezekiel Forman* administrator, and lodged in my office. In testimony," &c. *Signed by the present register the* 16th *of August* 1803. The defendant objected to the certificate, and contended that the same was not competent evidence in law to charge *Ezekiel Forman* with the amount of chattels and credits therein mentioned, as proposed by the plaintiff, or with any part thereof. And the court, [*Chase*, Ch. J. *Done*, and *Sprigg*, J.] sustained the objection. The plaintiff excepted.

2. The plaintiff, having given in evidence a copy of the inventory of certain goods and chattels of *Sarah Emory*, then produced two certain original papers in writing, as

follow, to wit: A. "Additional inventory to the inventory of Mrs. *Sarah Emory's* estate, offered by *Ezekiel Forman*, the administrator." [*Here follow the articles.*] B. "Except the bonds due to the estate, the crop of wheat and tobacco, and the money found in the estate, a particular account of which is lodged with the court by the administrator." And the plaintiff proved, by *William H. Nicholson*, Esquire, register of wills for *Queen-Anne's* county, that when applied to for copies of original papers in the above cause in April 1804, he found the original papers carefully wrapped up in the original inventory of the estate of *Sarah Emory*, and filed in a bundle of other papers belonging to his office, and he has no recollection of having seen this paper before; but he finds that he gave a certificate of the paper on the 21st of October 1799, for the plaintiff, but has no recollection of the situation in which the paper was in 1799; but from the manner in which papers are usually filed away in his office, he believes that in the year 1799, the paper was wrapped up in the same situation that he found it in April 1804; that he was appointed register of wills in the year 1796, and he has no knowledge of the time or by whom the above paper was brought into the register's office, but believes, and is firmly convinced, that it was lodged in the office before he was appointed register. The plaintiff further proved, by competent evidence, that the writing on the paper marked A, was the hand-writing of one *Donald M'Quinn*, who acted for several years as the clerk of *Ezekiel Forman*; but the witness, by whom the hand-writing of *Donald M'Quinn* was proved, declared that he had no knowledge at what time and at whose instance the paper was made out, nor has he any knowledge of its being lodged in the register's office for *Queen-Anne's* county, and that the words "additional inventory," endorsed thereon, were the hand-writing of *Ezekiel Forman*; and also that the writing on the paper marked B, was the hand-writing of said *Forman*. The plaintiff then offered the original papers, so proved, as evidence to charge *Ezekiel Forman*, in his capacity of administrator of *Sarah Emory*, with the several sums of money specified in the paper marked A, as part of the chattels, rights and credits, of *Sarah Emory*. But the defendant objected to said papers, and contended that the same were not competent evidence. And the court, [*Chase*, Ch. J. *Done*, and

*Sprigg*, J.] were of opinion, that they were not competent evidence in law to charge *Ezekiel Forman*, as aforesaid, and refused to permit them to be given in evidence to the jury. The plaintiff excepted. *Verdict* and judgment for the defendant.

*Wright, Hammond,* and *John Scott,* for the Plaintiff.

*Martin,* (Attorney General,) *Carmichael,* and *James Scott,* for the Defendant.

The plaintiff appealed to this court.

The Court concurred with the General Court in the opinion expressed in the *first* bill of exceptions, but dissented from that expressed in the *second.*

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.